IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PATRICIA NORCOM )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NOVANT HEALTH, INC., )<br>)<br>Defendant. )<br>)<br>_____ ) | Civil Action No.: 3:20-cv-673 |

## NOTICE OF REMOVAL

Defendant Novant Health, Inc. ("Defendant") hereby provides notice of the removal of this action pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446 to the United States District Court for the Western District of North Carolina and as grounds states:

**I.  Timeliness of Removal**

1. On October 30, 2020, Plaintiff Patricia Norcom ("Plaintiff") filed a civil action against Defendant in the General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, designated as File No. 20-CVS-14738. Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). No other process, pleadings, or orders have been served upon or by, or received by, Defendant in this action to date.

2. Defendant was served with a copy of the Summons and Complaint on November 4, 2020. *See* **Exhibit A**.

3. Accordingly, Defendant is filing this Notice of Removal within thirty (30) days of service of Plaintiff's Complaint and, therefore, timely filing this Notice, as required by 28 U.S.C. § 1446(b).

**II.	Venue**

4.	The General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina is located within the Charlotte Division of the United States District Court for the Western District of North Carolina.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**III.	Basis for Removal:  Federal Question Jurisdiction & Supplemental Jurisdiction**

5.	Plaintiff's Complaint alleges that Defendant violated her rights under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). (Compl. ¶¶ 46-48.)

6.	This action is therefore properly removable under 28 U.S.C. § 1441(a) because the United States District Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," which includes the federal FLSA.

7.	Plaintiff's Complaint also alleges that Defendant violated her rights and those of individuals allegedly similarly situated under the North Carolina Wage & Hour Act, N.C.G.S. Ch. 95-25.1 *et seq.* ("NCWHA").  (Compl. ¶¶ 49-51.)

8.	This Court may exercise supplemental jurisdiction over Plaintiff's pendent NCWHA state law claim pursuant to 28 U.S.C. § 1367(a), which provides, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…."  Supplemental jurisdiction includes claims that arise out of a "common nucleus of operative fact'…such that the plaintiff would ordinarily be expected to try the claims in one judicial proceeding. *White v. Cty. of Newberry*, 985 F.2d 168, 171 (4th Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

9. On the face of the Complaint, both Plaintiff's FLSA and NCWHA claims arise out of the same "common nucleus of operative facts;" namely, Defendant's pay practices under its paid time off ("PTO") policy. *See* Compl. ¶¶ 46 (incorporating by reference into her FLSA claim the allegations contained in ¶¶ 1-45) & 49 (incorporating by reference into her NCWHA claim the allegations contained in ¶¶ 1-48). More specifically, both the FLSA claim and NCWHA claim directly involve Defendant's conduct relating to application of its PTO policy, whether certain deductions from Plaintiff's and other exempt employees' PTO banks were proper, and Plaintiff's complaints directed at those particular practices. Compl. ¶¶ 23-36; ¶¶ 46-48. Plaintiff's NCWHA claim is fundamentally intertwined with her FLSA claim, as she claims that the exact same subject matter which served as the basis for her essential "protected activity" for purposes of her FLSA retaliation claim (application of Defendant's PTO policy to FLSA-exempt employees) also violated the NCWHA. Compl. ¶¶ 22-36. *Compare* Compl. ¶ 32 (stating that Plaintiff's protected activity under the FLSA was that she "reasonably believed that as an exempt, salaried employee, the FLSA prohibited Novant from making deductions from Norcom's accrued PTO amount to cover absences occasioned by Novant's operating needs") *and* ¶¶ 25-32 (noting her complaints regarding same) *with* ¶ 36 (alleging NCWHA claim based on alleged deductions "from accrued PTO wages from Norcom's PTO bank for purposes not permitted under Novant's PTO policy").

10. It is therefore proper to remove the entire action to this Court pursuant to 28 U.S.C. § 1367. *See, e.g., Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111, FN 4 (4th Cir. 2015) (exercising supplemental jurisdiction over state law class action where court had jurisdiction over FLSA claims); *Lima v. Stanley*, 2015 WL 4769546 (E.D.N.C. 2015) (exercising supplemental jurisdiction over NCWHA claim in case with FLSA claim); *Jenks v. USF Holland, Inc.*, 2009 WL 1850960 (W.D.N.C. 2009) (exercising supplemental jurisdiction over state law claims in FLSA matter

arising out of issues related to plaintiff's employment); *Robinson v. Wix Filtration Corp. LLC*, 2008 WL 5110760 (W.D.N.C. 2008) (exercising supplemental jurisdiction over North Carolina state law claims in FLSA matter arising out of issues relating to plaintiff's employment).

## IV. Conclusion

11. In accordance with 28 U.S.C § 1446, copies of this Notice of Removal will be promptly served upon Plaintiff and filed with the Clerk of Superior Court of Mecklenburg County, North Carolina. A copy of the Defendant's notice of filing to the state court is attached hereto as **Exhibit B**.

12. By removing this matter, Defendant does not waive or intend to waive any applicable defenses.

WHEREFORE, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina.

Dated this the 3rd day of December, 2020.

                                      Respectfully submitted,

                                      /s/Benjamin R. Holland
Benjamin R. Holland, NC #28580
Margaret Santen, NC #52927
Michael D. Ray, NC #52947
*Attorneys for Defendant, Novant Health, Inc.*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
Email: benjamin.holland@ogletree.com
      margaret.santen@ogletree.com
      michael.ray@ogletree.com

# CERTIFICATE OF SERVICE

I, Benjamin R. Holland, hereby certify that I have this day electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system. I also certify that I have served a copy of the same via United States Certified Mail, return receipt requested, properly addressed and with the correct amount of postage affixed thereon, to:

> Philip J. Gibbons, Jr., Esq.
> Craig L. Leis, Esq.
> Corey Stanton, Esq.
> GIBBONS LEIS, PLLC
> 14045 Ballantyne Corporate Place
> Suite 325
> Charlotte, NC 28277
> Telephone: 704.612.0038
> Email: phil@gibbonsleis.com
> craig@gibbonsleis.com
> corey@gibbonsleis.com
> *Attorneys for Plaintiff*

Dated this the 3rd day of December, 2020.

> /s/Benjamin R. Holland
> Benjamin R. Holland
> NC #28580
> *Attorney for Defendant*
> OGLETREE, DEAKINS, NASH,
>  SMOAK & STEWART, P.C.
> 201 South College Street, Suite 2300
> Charlotte, NC 28244
> Telephone: 704-342-2588
> Facsimile: 704-342-4379
> Email: benjamin.holland@ogletree.com

45169285.1