IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

PATRICIA NORCOM,               )
                               )
        Plaintiff,             )
                               )
    v.                         )          Civil Action No.: 3:20-CV-673
                               )
NOVANT HEALTH, INC.,           )
                               )
        Defendant.             )
                               )
_____ )

**EXHIBIT A**

**TO**

**NOTICE OF REMOVAL**

Summons and Complaint

# STATE OF NORTH CAROLINA

__MECKLENBURG__ County

File No. 20CVS14738

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name And Address Of Plaintiff 1 |
| --- |
| Patricia Norcom<br>3033 Burnt Mill Rd<br>Charlotte, NC 28210 |

FILED

2020 OCT 30 P 2:21

MECKLENBURG CO., C.S.C.

BY_____

## GENERAL
## CIVIL ACTION COVER SHEET

☒ INITIAL FILING  ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

| Name And Address Of Plaintiff 2 |
| --- |
| |

**VERSUS**

| Name And Address Of Defendant 1 |
| --- |
| Novant Health, Inc.<br>C/O Corporation Service Company<br>2626 Glenwood Avenue Suite 550<br>Raleigh, NC 27608 |

Summons Submitted   ☒ Yes  ☐ No

| Name And Address Of Defendant 2 |
| --- |
| |

Summons Submitted   ☐ Yes  ☐ No

Name And Address Of Attorney Or Party, If Not Represented
*(complete for initial appearance or change of address)*

Philip J. Gibbons, Jr.
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277

| Telephone No.<br>(704) 612-0038 | Cellular Telephone No. |
| --- | --- |

| NC Attorney Bar No.<br>50276 | Attorney Email Address<br>phil@gibbonsleis.com |
| --- | --- |

☒ Initial Appearance in Case  ☐ Change of Address

| Name Of Firm<br>Gibbons Leis, PLLC | Fax No. |
| --- | --- |

Counsel For
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: *(list party(ies) represented)*

☒ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

## TYPE OF PLEADING

*(check all that apply)*

| | |
| --- | --- |
| ☐ Amend (AMND) | ☐ Failure To State A Claim (FASC) |
| ☐ Amended Answer/Reply (AMND-Response) | ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR) |
| ☐ Amended Complaint (AMND) | ☐ Improper Venue/Division (IMVN) |
| ☐ Assess Costs (COST) | ☐ Including Attorney's Fees (ATTY) |
| ☐ Answer/Reply (ANSW-Response) *(see Note)* | ☐ Intervene (INTR) |
| ☐ Change Venue (CHVN) | ☐ Interplead (OTHR) |
| ☒ Complaint (COMP) | ☐ Lack Of Jurisdiction (Person) (LJPN) |
| ☐ Confession Of Judgment (CNFJ) | ☐ Lack Of Jurisdiction (Subject Matter) (LJSM) |
| ☐ Consent Order (CONS) | ☐ Modification Of Child Support In IV-D Actions (MSUP) |
| ☐ Consolidate (CNSL) | ☐ Notice Of Dismissal With Or Without Prejudice (VOLD) |
| ☐ Contempt (CNTP) | ☐ Petition To Sue As Indigent (OTHR) |
| ☐ Continue (CNTN) | ☐ Rule 12 Motion In Lieu Of Answer (MDLA) |
| ☐ Compel (CMPL) | ☐ Sanctions (SANC) |
| ☐ Counterclaim (CTCL) *Assess Court Costs* | ☐ Set Aside (OTHR) |
| ☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs* | ☐ Show Cause (SHOW) |
| ☐ Dismiss (DISM) *Assess Court Costs* | ☐ Transfer (TRFR) |
| ☐ Exempt/Waive Mediation (EXMD) | ☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL) |
| ☐ Extend Statute Of Limitations, Rule 9 (ESOL) | ☐ Vacate/Modify Judgment (VCMD) |
| ☐ Extend Time For Complaint (EXCO) | ☐ Withdraw As Counsel (WDCN) |
| ☐ Failure To Join Necessary Party (FJNP) | ☐ Other *(specify and list each separately)* |

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

| | | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | ☐ Medical Malpractice (MDML) | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Minor Settlement (MSTL) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Money Owed (MNYO) | ☒ Other *(specify and list each separately)* North Carolina Wage and Hour Act Section 215(a)(3) of the FLSA |
| ☐ Collection On Account (ACCT) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☐ Condemnation (CNDM) | ☐ Negligence - Other (NEGO) | |
| ☐ Contract (CNTR) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Possession Of Personal Property (POPP) | |
| ☐ Injunction (INJU) | | |

| Date | Signature Of Attorney/Party |
|---|---|
| October 30, 2020 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)　　☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

| |
|---|
| |
| |
| |

*Defendant(s) Against Whom Crossclaim Asserted*

| |
|---|
| |
| |
| |

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

STATE OF NORTH CAROLINA FILED IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
MECKLENBURG COUNTY          CASE NO. 20CVS 14738.
2020 OCT 30 P 2: 21

|  | MECKLENBURG CO., G.S.C. |  |
|---|---|---|
| PATRICIA NORCOM, | BY _____ | ) |
| Plaintiff, | | ) |
| v. | | ) |
| | | ) CLASS ACTION COMPLAINT and |
| NOVANT HEALTH, INC. | | ) DEMAND FOR JURY TRIAL |
| | | ) |
| Defendant. | | ) |
| | | ) |
| | | ) |
| | | ) |

Plaintiff, Patricia Norcom ("Norcom" or "Plaintiff"), by and through counsel, brings: (1) a

class action for violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat.

§§ 95-25.1 et. seq.; and (2) an individual claim for violation of the anti-retaliation provision of the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), against Defendant Novant Health, Inc.

("Novant" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff and those she seeks to represent for her NCWHA claim are Novant's North

Carolina employees who Novant has classified as exempt under the FLSA and who were subject

to deductions from their accrued Paid Time Off ("PTO") accounts to cover full and partial-day

absences occasioned by Novant's operational needs, including but not limited to being sent home

early due to lack of work during the Covid-19 pandemic.

2. Novant's "Employed Team Member Handbook" states that "[p]aid time off is an

important part of Novant Health's compensation and benefits program." Permissible uses of paid

time off ("PTO") include: "vacations, holidays, illness or injury, absences during the short-term or long-term disability waiting period (but not after the waiting period ends), religious observances, doctor and dental appointments, caring for a sick family member, and other person matters that take you away from the job."

3.  Novant's PTO plan does not require plan participants to use their accrued PTO benefits for non-personal reasons, including covering full and partial day absences occasioned by Novant's operating requirements.

4.  Novant violated the NCWHA by unlawfully deducting accrued PTO from its exempt North Carolina employees to cover full and partial day absences occasioned by Novant's operating needs.

5.  Norcom brings her individual FLSA claim pursuant to 29 U.S.C. § 215(a)(3) alleging unlawful retaliation under the FLSA. Specifically, Novant terminated Norcom's employment because she engaged in protected activity by protesting conduct that Norcom reasonably believed violated the FLSA, i.e. the deduction of her accrued PTO benefits resulting from absences occasioned by Novant's operating needs.

## THE PARTIES

6.  Norcom is an adult individual who is a resident of Charlotte, North Carolina.

7.  Novant is a domestic corporation registered and in good standing in the State of North Carolina.

## JURISDICTION AND VENUE

8.  Jurisdiction is proper in the Superior Court division because Plaintiff seeks damages that exceed $25,000

2

9.     This Court has jurisdiction for the claim brought under the FLSA pursuant to 29 U.S.C. § 216(b).

10.     This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is located within this judicial district.

11.     Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

## COVERAGE ALLEGATIONS

12.     Defendant is an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

13.     Norcom and those she seeks to represent are employees within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

14.     Defendant is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.     Defendant is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

3

17.    Norcom is an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## PLAINTIFF'S FACTUAL ALLEGATIONS

18.    Novant is a healthcare provider that operates hospitals and physician clinic locations throughout the United States, including Charlotte, North Carolina.

19.    Novant employed Norcom from July 8, 2002 until May 29, 2020. Norcom held the position of Certified Registered Nurse Anesthetist ("CRNA").

20.    Norcom worked at the Charlotte Eye, Ear, Nose & Throat South Park Surgery Center and reported to Julia Wright Bott, CRNA ("Bott").

21.     At all relevant times, Norcom was a salaried, exempt employee within the meaning of the FLSA.

22.    At all relevant times, Norcom was eligible to earn, and did earn, deferred wages pursuant to Novant's PTO policy.

23.    On or about March 23, 2020, Bott sent an email to all Novant CRNAs, including Norcom, addressing a change to Novant's PTO policy, and stating in relevant part, "If there are no deployment opportunities at the moment team members will have to take AWOP (a week without pay) or a PTO day. The benefit you will see below allows team members to go in 'arears' for 80 hours."

24.    Upon information and belief, the information contained in the email sent by Bott on March 23, 2020 was applicable to all Novant North Carolina exempt employees.

25.    In response to the March 23 email, Norcom sent a "Reply All" email to Bott: "According to US Dept of Labor rules, if we have worked any part of a week as exempt employees, we are paid for the 40 hr week and are not required to use our PTO due to work

4

slowdown. Are we in a different employee category where this rule doesn't apply?" Bott replied only to Norcom, stating: "Questions come directly to me not the whole group. Never respond to all please and thank you. I will get clarification." Bott did not follow up on this email with the "clarification" promised to Norcom.

26. On or about April 26, 2020, Norcom worked 4 hours of a scheduled 8-hour shift, but Bott released Norcom early due to lack of work. Bott instructed Norcom to request 4 hours of PTO be deducted from Norcom's accrued PTO bank in order for her to be paid her full salary and to cover the partial-day absence occasioned by Novant's operating needs.

27. On May 11, 2020, Norcom worked approximately 6 hours and was released early due to lack of work. On May 12, 2020, Norcom worked for approximately 3.25 hours and was released early due to lack of work. Bott instructed Norcom to submit 8 hours of PTO from Norcom's accrued PTO bank for her to be paid her full salary and to cover the partial-day absences occasioned by Novant's operating needs.

28. On or about May 14, 2020, Norcom filed a formal complaint with Novant's Human Resources Department alleging that because she was an exempt employee under the FLSA, Novant unlawfully required Norcom to utilize her accrued PTO to cover absences occasioned by Novant's operational needs. Novant Employee Relations Consultant Brittany Gonzalez investigated Norcom's complaint. On May 15, 2020, Gonzalez emailed Norcom: "It was a pleasure speaking with you yesterday. As an exempt team member, you only put PTO in when you are off for an entire shift. If you work during your shift, you do get paid for the entire day. This has been verified by Compensation. I'll communicate to your leadership regarding the PTO (4hours) that has been already taken out of your bank, this will be replaced back into your PTO bank."

5

29.     The following day, May 16, 2020, Gonzalez telephoned Norcom to inform her that she would not be required to utilize her accrued PTO for the partial day absences that occurred on May 11 and May 12, 2020. Gonzalez also confirmed that she spoke with Bott regarding Norcom's complaint and instructed Bott that Novant exempt employees were not required to utilize their accrued PTO for partial-day absences occasioned by Novant's operational needs.

30.     Although Gonzalez informed Norcom that the 4 hours of PTO deducted from Norcom's accrued PTO bank for the April 26, 2020 partial-day absence would be restored, Novant failed to do so.

31.     On May 29, 2020, thirteen days after Gonzalez notified Bott of Norcom's FLSA complaint, Bott terminated Norcom's employment.

32.     Novant terminated Norcom's employment in retaliation for engaging in activities protected by the FLSA. Norcom reasonably believed that as an exempt, salaried employee, the FLSA prohibited Novant from making deductions from Norcom's accrued PTO account to cover absences occasioned by Novant's operating needs.

33.     The reasons Bott cited for Norcom's termination of employment were pretext for unlawful retaliation and insufficient to substantiate the termination of a Novant employee.

34.     Similarly situated employees have engaged in conduct comparable or more egregious than that attributed to Norcom and their employment has not been terminated.

35.     Norcom suffered harm as a result of Defendant's retaliatory actions.

36.     Novant violated the North Carolina Wage and Hour Act ("NCWHA") by deducting accrued PTO wages from Norcom's PTO bank for purposes not permitted under Novant's PTO policy.

6

## Class Action Allegations

37.     This action is maintainable as a class action pursuant to Rule 23 of the North Carolina Rules of Civil Procedure pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.7 for unlawfully deducting accrued PTO benefits, i.e. deferred wages, from the PTO banks of Novant's exempt North Carolina employees to cover full and partial day absences occasioned by Novant's operating needs.

38.     The class is properly defined as: all current and former Novant employees who (1) were employed anytime during the two-year period preceding the filing of the Complaint in this action, (2) classified as exempt from the overtime provisions of the FLSA, and (3) were subjected to deductions from their accrued PTO banks to cover for full and partial day absences occasioned by Novant's operational needs. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from Defendant's payroll records or records over which Novant has control.

39.     The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Norcom at this time, upon information and belief, the class is comprised of more than 100 individuals.

40.     There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Norcom and all members of the proposed class have been harmed by Novant's unlawful PTO deductions. The common questions of law and fact include, but are not limited to the following:

(a)     whether Novant unlawfully deducted accrued PTO benefits from Norcom and members of the proposed class in violation of NCWHA §§ 95-25.7; and

7

(b)     whether Novant's PTO policy permits Novant to deduct accrued PTO benefits from Norcom and members of the proposed class for full and/or partial day absences occasioned by Novant's operating needs, as opposed to the permissible reasons listed in Novant's PTO policy.

41.     The damages suffered by Norcom and the members of the proposed class arise from the same nucleus of operative facts, i.e. the requirement that Norcom and the members of the proposed class were required to utilize their accrued PTO to cover for full and partial day absences occasioned by Novant's operating needs.

42.     Norcom's claims are typical of those claims that could be alleged by any member of the proposed class and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendants, i.e. the requirement that Norcom and the members of the proposed class were required to utilize their accrued PTO to cover for full and partial day absences occasioned by Novant's operating needs. Novant's compensation policies and practices affected all class members similarly, and Novant benefitted from the same type of unfair and/or wrongful acts as to each class member. Norcom and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

43.     Norcom will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Norcom and members of the proposed class. Norcom has retained counsel who is experienced and competent in both wage and hour and multi-plaintiff litigation.

44.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class

8

action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

45.     Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action

### Count I - Violation of FLSA – Retaliation

46.     Norcom incorporates by reference paragraphs 1-45 of her Complaint.

47.     Novant violated 29 U.S.C. §215(a)(3) by unlawfully terminating Norcom's employment in retaliation for her complaints that Novant violated the FLSA by making deductions from her accrued PTO for partial-day absences occasioned by Novant's operational needs.

48.     Defendant's violation of the FLSA was willful.

9

## Count II - Violation of NCWHA

49.     Norcom incorporates by reference paragraph 1-48 of her Complaint.

50.     Norcom's NCWHA claim arises from Novant's policy and practice of unlawfully deducting accrued PTO from the PTO banks of its exempt North Carolina employees to cover full and partial day absences occasioned by Novant's operating needs in violation of N.C. Gen. Stat. § 95-25.7.

51.     Novant's violation of the NCWHA was willful

## PRAYER FOR RELIEF

WHEREFORE, Norcom demands the following relief:

a) An Order certifying this action as a class action under the NCWHA and designating Norcom as the representative on behalf of all those similarly situated;

b) An Order pursuant to the NCWHA finding Novant liable for unlawful wage deductions and liquidated damages equal in amount to the damages due to Norcom and the class;

c) A Declaration and finding by the Court that Novant willfully violated provisions of the NCWHA by making unlawful wage deductions from Norcom and the class;

d) An Order pursuant to Section 15(a)(3) of the FLSA finding Novant liable for unlawful retaliation and awarding Norcom reinstatement, lost wages, liquidated damages, and all other available relief;

e) An Order awarding the costs of this action;

f) An Order awarding reasonable attorneys' fees;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

10

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.


Respectfully submitted,

Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582
Corey Stanton, NCSB #56255

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone:     (704) 612-0038
E-Mail:  phil@gibbonsleis.com
              craig@gibbonsleis.com
              corey@gibbonsleis.com

11

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Patricia Norcom

FILED

**VERSUS**

Novant Health, Inc.

2020 OCT 30  P 2: 22

MECKLENBURG CO., C.S.C.

BY_____

**NOTICE OF APPEARANCE
BY COUNSEL**

**IN THE MATTER OF**

| *Name And Address Of Attorney Filing Notice Of Appearance*<br>Craig L. Leis<br>14045 Ballantyne Corporate Place, Suite 325<br>Charlotte, NC 28277 | G.S. 15A-141; Rule 1.2(c) of the Rules of ProfessionalConduct of<br>the North Carolina State Bar; Local Rules (if applicable) | |
|---|---|---|
| | *Email Address Of Attorney*<br>craig@gibbonsleis.com | *State Bar No. Of Attorney*<br>48582 |
| *Name Of Attorney's Firm Or Office (if applicable)*<br>Gibbons Leis, PLLC | *Telephone No. Of Attorney*<br>(704) 612-0038 | *Fax No. Of Attorney (if applicable)* |

**To all parties to this action and to the Court:**

Now comes the undersigned attorney, who enters a Notice of Appearance on behalf of the party named below in the above titled action.

*Name Of Represented Party*
Patricia Norcom

☐ Counsel's appearance is limited, such that counsel will represent the party only as to the following:

_____

_____

_____

_____

_____

| **SIGNATURE** | |
|---|---|
| *Date*<br>10/30/2020 | *Name Of Attorney Filing Notice (type or print)* | *Signature Of Attorney Filing Notice*<br>CRAIG LEIS |

**NOTE:** *This Notice of Appearance shall be filed with the Court, either before service or within five days after service. G.S. 1A-1, Rule 5(d)(4).*

Original-Clerk of Superior Court    Copy-Each Party to Action    Copy-Other Persons (when required, as by Local Rule)
(Over)

AOC-G-312, New 3/20
© 2020 Administrative Office of the Courts

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date(s) specified below a copy of the foregoing Notice Of Appearance By Counsel was served on the parties or attorneys or other persons named below, and by the method(s) specified:

**On** *(name party or attorney or other person)* Corporation Service Company _____, on *(give date)* ___10/30/2020___

☐ by delivering a copy personally to the person listed above.

☐ by leaving a copy with a partner or employee of the above-named attorney at the following address:

| Address Of Attorney's Office Where Copy Left | Name Of Person With Whom Copy Left (type or print) |
|---|---|
| | Signature Of Person Accepting Service |

☒ by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the person listed above at the following address:

Address Of Party Or Attorney Or Other Person
2626 Glenwood Avenue Suite 550
Raleigh, NC 27608

☐ by telefacsimile to the telephone number of _____ on confirmed telefacsimile receipt, which is attached.

☐ Other manner of service: *(describe)*

---

**On** *(name party or attorney or other person)* _____, on *(give date)* _____

☐ by delivering a copy personally to the person listed above.

☐ by leaving a copy with a partner or employee of the above-named attorney at the following address:

| Address Of Attorney's Office Where Copy Left | Name Of Person With Whom Copy Left (type or print) |
|---|---|
| | Signature Of Person Accepting Service |

☐ by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the person listed above at the following address:

Address Of Party Or Attorney Or Other Person

☐ by telefacsimile to the telephone number of _____ on confirmed telefacsimile receipt, which is attached.

☐ Other manner of service: *(describe)*

---

**On** *(name party or attorney or other person)* _____, on *(give date)* _____

☐ by delivering a copy personally to the person listed above.

☐ by leaving a copy with a partner or employee of the above-named attorney at the following address:

| Address Of Attorney's Office Where Copy Left | Name Of Person With Whom Copy Left (type or print) |
|---|---|
| | Signature Of Person Accepting Service |

☐ by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the person listed above at the following address:

Address Of Party Or Attorney Or Other Person

☐ by telefacsimile to the telephone number of _____ on confirmed telefacsimile receipt, which is attached.

☐ Other manner of service: *(describe)*

---

| Date 10/30/2020 | Name Of Attorney Filing Notice (type or print) Craig Leis | Signature Of Attorney Filing Notice |
|---|---|---|

AOC-G-312, Side Two, New 3/20, © 2020 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

___MECKLENBURG___ County

File No. 20CVS 14738

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Patricia Norcom<br>*Address*<br>3033 Burnt Mill Rd<br>*City, State, Zip*<br>Charlotte, NC 28210 | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>Novant Health, Inc. | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

### To Each Of The Defendant(s) Named Below:

| | |
|---|---|
| *Name And Address Of Defendant 1*<br>Novant Health, Inc.<br>C/o Registered Agent: Corporation Service Company<br>2626 Glenwood Avenue Suite 550<br>Raleigh, NC 27608 | *Name And Address Of Defendant 2* |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Philip J. Gibbons, Jr.<br>Gibbons Leis, PLLC<br>14045 Ballantyne Corporate Place, Ste. 325<br>Charlotte, NC 28277 | *Date Issued*<br>10-30-2020 | *Time*<br>2:21 ☐ AM ☒ PM |
| | *Signature* | |
| | ☒ Deputy CSC ☐ Assistant CSC | ☐ Clerk Of Superior Court |

| | | |
|---|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
| | *Signature* | |
| | ☐ Deputy CSC ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | Novant Health, Inc. |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

File No. 20CVS14738

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Patricia Norcom

**VERSUS**

Novant Health, Inc.

**IN THE MATTER OF**

FILED

2020 OCT 30 P 2: 21

MECKLENBURG CO., C.S.C.

BY

# NOTICE OF APPEARANCE
# BY COUNSEL

| Name And Address Of Attorney Filing Notice Of Appearance<br>Corey M. Stanton<br>14045 Ballantyne Corporate Place, Suite 325<br>Charlotte, NC 28277 | G.S. 15A-141; Rule 1.2(c) of the Rules of ProfessionalConduct of<br>the North Carolina State Bar; Local Rules (if applicable) | |
|---|---|---|
| | Email Address Of Attorney<br>corey@gibbonsleis.com | State Bar No. Of Attorney<br>56255 |
| Name Of Attorney's Firm Or Office (if applicable)<br>Gibbons Leis, PLLC | Telephone No. Of Attorney<br>(704) 612-0038 | Fax No. Of Attorney (if applicable) |

**To all parties to this action and to the Court:**

Now comes the undersigned attorney, who enters a Notice of Appearance on behalf of the party named below in the above titled action.

Name Of Represented Party
Patricia Norcom

☐ Counsel's appearance is limited, such that counsel will represent the party only as to the following:

_____

_____

_____

_____

_____

| **SIGNATURE** | | |
|---|---|---|
| Date<br>10/30/20 | Name Of Attorney Filing Notice (type or print)<br>Corey M Stanton | Signature Of Attorney Filing Notice<br>COREY M. STANTON |

**NOTE:** This Notice of Appearance shall be filed with the Court, either before service or within five days after service. G.S. 1A-1, Rule 5(d)(4).

Original-Clerk of Superior Court    Copy-Each Party to Action    Copy-Other Persons (when required, as by Local Rule)
(Over)

AOC-G-312, New 3/20
© 2020 Administrative Office of the Courts

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date(s) specified below a copy of the foregoing Notice Of Appearance By Counsel was served on the parties or attorneys or other persons named below, and by the method(s) specified:

**On** *(name party or attorney or other person)* Corporation Service Company _____, on *(give date)* 10/30/2020

☐ by delivering a copy personally to the person listed above.
☐ by leaving a copy with a partner or employee of the above-named attorney at the following address:

| *Address Of Attorney's Office Where Copy Left* | *Name Of Person With Whom Copy Left (type or print)* |
|---|---|
| | *Signature Of Person Accepting Service* |

☒ by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the person listed above at the following address:

*Address Of Party Or Attorney Or Other Person*
2626 Glenwood Avenue Suite 550
Raleigh, NC 27608

☐ by telefacsimile to the telephone number of _____ on confirmed telefacsimile receipt, which is attached.
☐ Other manner of service: *(describe)*

---

**On** *(name party or attorney or other person)* _____, on *(give date)* _____

☐ by delivering a copy personally to the person listed above.
☐ by leaving a copy with a partner or employee of the above-named attorney at the following address:

| *Address Of Attorney's Office Where Copy Left* | *Name Of Person With Whom Copy Left (type or print)* |
|---|---|
| | *Signature Of Person Accepting Service* |

☐ by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the person listed above at the following address:

*Address Of Party Or Attorney Or Other Person*

☐ by telefacsimile to the telephone number of _____ on confirmed telefacsimile receipt, which is attached.
☐ Other manner of service: *(describe)*

---

**On** *(name party or attorney or other person)* _____, on *(give date)* _____

☐ by delivering a copy personally to the person listed above.
☐ by leaving a copy with a partner or employee of the above-named attorney at the following address:

| *Address Of Attorney's Office Where Copy Left* | *Name Of Person With Whom Copy Left (type or print)* |
|---|---|
| | *Signature Of Person Accepting Service* |

☐ by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the person listed above at the following address:

*Address Of Party Or Attorney Or Other Person*

☐ by telefacsimile to the telephone number of _____ on confirmed telefacsimile receipt, which is attached.
☐ Other manner of service: *(describe)*

---

| *Date* 10/30/20 | *Name Of Attorney Filing Notice (type or print)* COREY M. STANTON | *Signature Of Attorney Filing Notice* Corey M. |
|---|---|---|

AOC-G-312, Side Two, New 3/20, © 2020 Administrative Office of the Courts

CERTIFIED MAIL

stamps
.com

★ 1-UP Laser Form ★
★MSA.Old™-134 10/08★



CERTIFIED MAIL

$8.20⁰
US POSTAGE
FIRST-CLASS
FROM 28277
11/02/2020
stamps
endicia



9414 7118 9956 4365 0703 11

Novant Health, Inc.
C/O Corporation Service Company
2626 Glenwood Avenue Suite 550
Raleigh NC 27608-1370